FLORIO ALBANESE, ADMINISTRATOR, PLAINTIFF IN ERROR, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT IN ERROR.

Argued November 25, 1903—Decided February 29, 1904.

If a workman who, in the discharge of his duty, has placed himself in a position of probable danger, where he has the right to expect a warning before the danger becomes actual, is injured because the warning was not given, the question whether he assumed the risk or was guilty of contributory negligence cannot be decided against him by the court.

---

On error to the Supreme Court.

For the plaintiff in error, *James M. Trimble.*

For the defendant in error, *George Holmes.*

The opinion of the court was delivered by

DIXON, J. The plaintiff, the father of Agostino Albanese, and the administrator of his son's estate, brought suit in the Supreme Court to recover compensation for the pecuniary loss sustained by himself, as next of kin, in consequence of his son's death.

The circumstances in which the son was killed appear to have been as follows:

In September, 1901, the son, being then about seventeen years of age, was employed by a contractor engaged in

elevating the tracks of the defendant's railroad in the city of Newark. In the prosecution of this work a pile of sand, about thirty feet long and five feet high, had been deposited beside the eastbound track of the railroad, about eight hundred feet east of the Broad street station, and Agostino, when he met his death, was at work between the rails shoveling away some of this sand which had slipped down upon the track. While thus engaged, stooping with his back toward the Broad street station, a train, coming from that station, without warning by bell or whistle, struck and killed him.

At the trial of the cause in the Essex Circuit the plaintiff produced no evidence that there had been any custom on the part of trainmen to give signals to the men working on or near the tracks, and one of the workmen examined by the plaintiff, being asked on cross-examination whether any rules or signals or instructions were given to the men about the approach of trains, answered, "No, no one; everyone looked out for himself."

At the close of the plaintiff's evidence a nonsuit was ordered, on the ground that Agostino must be held to have assumed the risk of working at or near the track without any warning by bell or whistle of approaching trains, and that his failure to get out of the way must be charged in part to his own negligence.

We think this order was erroneous.

That it was the duty of the defendant, having undertaken to elevate its tracks while using them for the passage of trains, to take reasonable care for the safety of workmen who, in the prosecution of the work, might properly be on or near the tracks, was settled in *Delaware, Lackawanna and Western Railroad Co.* v. *Hardy,* 30 *Vroom* 35, 562.

In the present case the fact that there was no custom to give signals and that no instructions were issued to workmen about the approach of trains may have resulted from a belief that, ordinarily, the workmen were exposed to no danger which, with reasonable care they could not avoid, that, ordinarily, they could "look out for themselves," but

it surely would not induce a workman to expect that, if he were actually working on the track in such a position as prevented his seeing an approaching train, the engineer of the train, having the workman in sight, would fail to sound a warning and so run him down. Such exceptional conditions required and therefore justified the expectation of an audible signal, whether signals were customarily given or not. In this respect the case differs from *Furey* v. *New York Central and Hudson River Railroad Co.,* 38 *Vroom* 270, and *Harmer* v. *Reed Apartment Co.,* 39 *Id.* 332, for in those cases the person, from whom any warning might be expected, had no means of perceiving the danger of the plaintiff and hence had no reason to give warning unless there was a custom to do so. But no such custom is necessary when the person controlling the cause of danger perceives the peril and has reason to believe that it cannot be escaped unless he gives warning.

It thus becomes evident that, when Agostino, in the discharge of his duty, placed himself in a position of danger which would be apparent to the engineers of approaching trains, he had a right to expect a warning from those engineers. If there be a right to expect a warning, it makes no difference in principle whether the right springs from custom, as in Harmer's case, or from usual conditions, as in Hardy's case, or from exceptional conditions, as in the present case, and under such circumstances questions concerning the assumption of risk and contributory negligence cannot be decided by the court against the party injured. They are for the jury.

The judgment of nonsuit should be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DIXON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 10.