## Glacken v. Cincinnati, New Orleans & Texas Pacific Railway Company.

(Decided May 12, 1925.)

Appeal from Kenton Circuit Court.

1.  Master and Servant—Whether Section Hand could Rely on Foreman's Customary Signal of Approaching Trains Held for Jury.— Where section hand was working from 150 to 250 feet from the rest of the crew and the foreman, whether it was his duty to look out himself for approaching trains, or whether he could rely on foreman's customary signal, held for jury.

2. Master and Servant—Section Hand May Recover for Foreman's Negligence in Failing to Give Customary Warning of Train.—Section hand may recover for injuries arising from foreman's negligence in failing to give customary warning of approaching train, where he is within hearing distance of the foreman, and by custom was not expected to keep a lookout for approaching trains.

JOHN T. MURPHY and MARTIN J. BROWN for appellant.

MAURICE L. GALVIN, GALVIN & TRACY and JOHN L. RICH for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

John Glacken was a section hand in the service of the C., N. O. & T. P. Ry. Company. On September 25, 1922, while working on the track he was struck by a passing freight train and seriously injured. He brought this suit to recover for his injury and at the conclusion of the evidence for him the circuit court peremptorily instructed the jury to find for the defendant. He appeals.

The railroad had a double track. There were ten or twelve men in the crew working under a foreman. They were working south, the foreman being with the body of the crew and Glacken being north of them, by the direction of the foreman, getting out the weeds and grass growing between the rails on the part of the track the crew had worked over. Glacken had to stoop over to reach the grass and weeds, sometimes had to pull them up with his hand, at other times he used a shovel. While he was bending over in this way intent upon his work, a freight train came up from the south and before he became aware of its approach was so close to him that, though he attempted to get off the track, it struck him before he could do so. The train was not running fast and was not making much noise. It passed the foreman and the rest of the crew before it reached Glacken. The foreman signaled to the men to get out of the way but he gave Glacken no signal. It was the custom of the foreman to tell the men what work to do and he told them whenever he hollered at them that a train was coming to get out of the way. It was his custom when he saw a train coming on the track to tell the men to get out of the way. While they were at work on the track he watched for them and gave them notice of coming

trains. The evidence is conflicting as to how far the foreman was from Glacken, and the estimates vary from 150 to 250 feet, but he was in plain view and had sent Glacken where he was only a few minutes before with directions to get the grass out between the tracks.

It has been held in a number of cases that track men are not entitled to notice of the approach of coming trains from the train men, and that it is their duty to keep a lookout for passing trains. But much time would be lost if all the men in a section gang each kept a lookout for coming trains, for this would detract no little from the amount of work they could do. To get proper results from such a gang of men it is reasonable that a watch should be kept by one person and that the rest should work without losing time to keep a watch. Where a section boss by custom keeps the watch for the men working under him and tells them that he will do so, it has been held that the workman may recover from the company if the boss fails to give the signal or warn the men of the approach of a train and by reason of this the workman is injured. Thus in D'Agostino v. Pa. R. R. Co., 72 N. J. Law 359, the proof was that the foreman of the gang was accustomed, upon the approach of a train, to call out to the men "lookout." The foreman failed to do this as a train approached and the plaintiff was injured. Affirming a judgment for the plaintiff the court said:

"On this state of facts we think that the deceased had a right to rely upon the fact that, if there was any danger from an approaching train the customary warning would be given. There was no error in the refusal to nonsuit or to direct a verdict for the defendants.

"Where a workman in the discharge of his duty has placed himself in a position of probable danger, and where he has a right to expect a warning before the danger becomes actual, and he is injured because no warning was given, the question whether he assumed the risk or was guilty of contributory negligence cannot be decided by the court. Albanese, Administrator v. Central Railroad Co., 41 Vroom 241; Harmer v. Reed Apartment Co., 39 Id. 332."

The question came again before the same court in Egerter v. Central Railroad Co., 80 N. J. Law 4. Hold-

ing that the circuit court properly refused to take the case from the jury the court said:

> "The duty of the foreman to give the track gang timely warning of the approach of the engine was one which was imposed upon him as the representative of the master. His failure to perform that duty, if there was failure, is chargeable to the defendant, and it is answerable for the consequences thereof."

In like manner it has been held in a number of cases that where it is customary to give notice of the starting of machinery or the firing of blasts in a mine or quarry and the customary notice is not given before the machinery is started or the blast fired and by reason of this a workman is injured he may recover for the negligence in the failure to give the customary signal. Anderson v. Pittsburgh Coal Co., 26 L. R. A. 624, and notes. There seems to be no good reason why the same rule should not apply to section men working on a railroad track where by the custom the section boss keeps a lookout and warns the men of approaching trains.

In Precodnick v. Leehigh Valley R. Co., 74 N. J. L. 566, a recovery was refused where the workman had been sent away from the rest of the gang and was out of the hearing of the foreman's voice. But in this case, in view of the varying statements as to the distance between the foreman and Glacken, the question is for the jury. Glacken was a part of the section gang; he was merely finishing up the work which the others had begun; they were all working in the same direction and were equally working under the direction of the foreman. The rule is if there is any evidence the question is for the jury. We only hold now that under this rule the question was for the jury.

If by the custom of the business the foreman kept a lookout and gave notice of approaching trains and the men were not expected to keep a lookout, each for himself, and if Glacken was in hearing of the foreman and under the circumstances by the custom of the business had in the exercise of ordinary care a right to rely on notice from the foreman of an approaching train, he may recover if the foreman negligently failed to give him such notice.

Judgment reversed and cause remanded for a new trial.